ROBERT S. HARDAWAY, plaintiff in error, vs. EDWARD T. TAY-. LOR, and ALEXANDER LOWTHER, defendants in error.

The presiding Judge has a discretion on the continuance of a cause; if he thinks it unjust to charge it to either party, he is not bound by law to do it.

Practice, from Muscogee county. Determined by Judge WORRILL, May Term, 1858.

On the trial of a claim case, counsel for plaintiff took exception to the execution, of a set of interrogatories offered by claimant, which the Court sustained, and a continuance was about to result. Whereupon plaintiff's counsel withdrew the objections; counsel for claimant objected to proceeding to trial, on the ground that the direct interrogatories were not fully answered.

The Court sustained the objection and held, that the case should be continued. Counsel for plaintiff insisted, that the claimant should be charged with the continuance. The Court refused and ruled that the case should be continued *generally.*

To which ruling plaintiff's counsel excepted, and assigns the same as error.

DOUGHERTY, for plaintiff in error.

WELLBORN, JOHNSON & SLOAN, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The simple question in this case is whether the presiding judge was bound by law to charge the continuance of the cause to the party, whose interrogatories had not been fully answered.

It did not appear that it was the fault of the party, or of his counsel, that they were not fully answered. It was the fault of the commissioners who are officers of the law.

On such questions, the presiding Judge must have and exercise a discretion to administer the law justly between the parties, and we have no doubt of its proper exercise in this case.

Judgment affirmed